ANDRE BIROTTE
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
300 N. Los Angeles Street
Federal Building, Room 7211
Los Angeles, CA 90012
    Telephone:  (213) 894-6551
    Fax:  (213) 894-0115
    E-mail:  andrew.t.pribe@usdoj.gov

*Attorneys for the United States of America*

FILED
2011 DEC 21  PM 2:49
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br>vs.<br>TIMOTHY J. DEAN and MICHELLE X. DEAN,<br>    Defendant | Case No.: SACV11-1977-JVS (JPRx)<br><br>Complaint to recover an erroneous tax refund |

    The United States of America, Plaintiff, for its complaint against Timothy J. Dean and Michelle X. Dean, Defendants, states:

*Nature of the action; jurisdiction; and venue*

    1.    This is a civil action brought by the United States to recover two erroneous refunds of internal-revenue taxes and interest to Defendants.

    2.    This Court has jurisdiction under 26 U.S.C. (IRC) §§ 7402(a) and 7405 and 28 U.S.C. §§ 1340 and 1345.

1

3. This action is brought at the direction of the Attorney General of the United States of America at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, under IRC § 7401.

4. Venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b) and 1396 because all Defendants reside in Yorba Linda, California, which is within this district.

## Count I

### Suit to recover two erroneous refunds

5. This is a suit to recover two erroneous federal tax refunds issued by the United States Treasury to Defendants.

6. These erroneous refunds were issued based on Defendants claim that Timothy J. Dean's business---Houdini, Inc., a sub-chapter S corporation---was entitled to deductions under IRC § 199.

7. Houdini however, was not entitled to claim the IRC § 199 deductions it claimed and, as a result, the refunds issued to Defendants based on those claimed deductions were erroneous.

*General statutory and regulatory framework of the IRC § 199 deduction.*

8. Section 199 of the Internal Revenue Code authorizes taxpayers to claim a deduction on their federal income-tax returns for income attributable to the taxpayer's production activities that occur within the United States under certain conditions.

9. Section 199 of the Internal Revenue Code relates only to gross receipts deriving from qualified production property that is manufactured,

2

produced, grown, or extracted in by a taxpayer in whole or significant part by a taxpayer in whole or significant part within the United States.

10. Under section 1. 199-3(e)(2) of the Treasury Regulations, a taxpayer who simply engages in packaging, repackaging, labeling, or minor assembly of qualifying production property does not qualify for the deduction under IRC § 199 as to that property.

*Houdini, Inc., and its business*

11. Defendant Timothy Dean owns 75% of Houdini, Inc., a California corporation.

12. Houdini is a Subchapter S corporation for federal income-tax purposes.

13. Houdini packages gift boxes and gift towers for sale to retailers.

14. Houdini's activities consist of packaging, repackaging, labeling and minor assembly of goods manufactured by other entities into baskets manufactured by other entities.

*The 2005 tax returns and the 2005 refund.*

15. Houdini filed its federal income-tax return for an S corporation (form 1120S) for 2005 in September 2006.

16. Defendants filed their federal income-tax return for 2005 in October 2006.

17. Neither Houdini nor Defendants claimed any deduction under IRC § 199 on their original tax returns for 2005.

18. Houdini filed an amended federal income-tax return for 2005 in September 2009.

3

19. On Houdini's amended federal income-tax return for 2005, it claimed a deduction under IRC § 199 in the amount of $275,982.

20. Defendants filed an amended federal income-tax return for the 2005 tax year in October 2009.

21. On Defendants' amended federal income-tax return, they claimed a deduction in the amount of $206,987 which is a 75% share of the deduction under IRC § 199 claimed by Houdini on its amended 1120S for 2005.

22. As a consequence of the inclusion of the deduction Defendants claimed under IRC § 199, Defendants in their amended tax return for 2005 claimed a tax refund of $74,618 was due to them for the 2005 tax year.

23. As a result of Defendants' 2005 amended tax return, the Internal Revenue Service issued a tax-refund check to Defendants on December 28, 2009, in the amount of $94,364.39 which consisted of the $74,618 claimed by Defendants on their amended 2005 federal income tax return plus interest.

24. This check was deposited by Defendants on January 22, 2010, and the funds were paid by the United States Treasury to Defendants on January 26, 2010.

*The 2006 tax returns and the 2006 refund.*

25. Houdini filed its federal income-tax return for an S corporation (form 1120S) for 2006 in September 2007.

26. Defendants filed their federal income-tax return for 2006 in October 2007.

27. Neither Houdini nor Defendants claimed any deduction under IRC § 199 on their original tax returns for 2006.

28. Houdini filed an amended federal income-tax return for 2006 in September 2010.

4

29. On Houdini's amended federal income-tax return for 2006, it claimed a deduction under IRC § 199 and provided information it claimed related to domestic production activities on the attached K-1s for its shareholders.

30. Defendants filed an amended federal income-tax return the 2006 tax year in October 2010.

31. On Defendants' amended federal income-tax return, they claimed a deduction under IRC § 199 in the amount of $394,770 based on the domestic production activities claimed by Houdini on its amended 1120S for 2006.

32. As a consequence of the inclusion of the deduction Defendants claimed under IRC § 199, Defendants in their amended tax return for 2006 claimed a tax refund of $140,933 was due to them for the 2005 tax year.

33. As a result of Defendants' 2005 amended tax return, the Internal Revenue Service issued a tax-refund check to Defendants on March 14, 2011, in the amount of $172,884.67 which consisted of the $140,933 claimed by Defendants on their amended 2006 federal income tax return plus interest.

34. This check was deposited by Defendants on April 13, 2011, and the funds were paid by the United States Treasury to Defendants on April 15, 2011.

*The refunds are erroneous.*

35. Houdini does not qualify for the IRC § 199 deduction it claimed for 2005 and 2006 because the qualifying production property for which it claimed the deduction was not manufactured, produced, grown, or extracted in whole or significant part by Houdini in whole or significant part within the United States.

36. Houdini does not qualify for the deduction it claimed for 2005 and 2006 because it merely engaged in packaging, repackaging, labeling, or minor assembly of products which is not manufacturing, production, growth, or

5

extraction for purposes of IRC § 199.

37. Because Houdini does not qualify for the IRC § 199 deductions it claimed for 2005 and 2006, Defendants are not entitled to claim the § 199 deduction on their individual returns and the refunds based on those claimed deductions are erroneous.

*The suit is timely.*

38. Section 6532(b) of the Internal Revenue Code authorizes the Government to bring suit to recover an erroneous refund within two years of the making of the erroneous refund unless the refund is induced by fraud in which case the statute is longer.

39. This action is commenced on December 21, 2011, within two years of the making of the erroneous refunds to Defendants.

*The United States is entitled to interest.*

40. Under IRC § 6602, the United States is entitled to recover interest on an erroneous refund at the rate set forth in IRC § 6621.

41. For the 2005 refund, accrued statutory interest under IRC § 6621 on the $94,364.39 payment through December 20, 2011, is $7,291.98.

42. For the 2006 refund, accrued statutory interest under IRC § 6621 on the $172,884.67 payment through December 20, 2011, is $4,927.59.

*The United States is entitled to judgment.*

43. Because the United States Treasury issued the checks for the 2005 and the 2006 tax years erroneously, it is entitled to recover $279,468.60 from Defendants plus additional statutory interest from December 20, 2011.

6

Wherefore, the United States of America requests the Court to:

(a) Enter judgment in favor of the United States and against Defendants, jointly and severally, in the amount of $279,468.60 plus accrued statutory interest from December 20, 2011, plus costs and expenses;

(b) Award the United States such other and further relief as the Court deems proper and just.

DATED: December 21, 2011

ANDRE BIROTTE
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

ANDREW T. PRIBE
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

### SACV11- 1977 JVS (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

| ANDRE BIROTTE JR., U.S. Attorney<br>SANDRA BROWN, AUSA<br>Chief, Tax Division<br>ANDREW PRIBE, AUSA<br>300 N. Los Angeles St., #7211<br>Los Angeles, CA 90012 | |
|---|---|

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br>v.<br>TIMOTHY J. DEAN and MICHELLE X. DEAN<br><br>DEFENDANT(S). | SACV11-1977-JVS (JPRx)<br><br>SUMMONS |

TO:   DEFENDANT(S): Timothy J. Dean and Michelle X. Dean

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Andrew Pribe_____, whose address is _300 N. Los Angeles St., #7211, Los Angeles, CA 90012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  DEC 2 1 2011                By:  _____
                                             Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

UNITED STATES OF AMERICA

**DEFENDANTS**

TIMOTHY J. DEAN and MICHELLE X. DEAN

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles County

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Orange County

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ANDREW T. PRIBE, AUSA
US Attorney's Office
300 N. Los Angeles St. #7211, Los Angeles, CA 90012
Tel: (213) 894-6551  Fax: (213) 894-0115

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to 26 U.S.C. Sections 7402(a) and 7405 and 28 U.S.C. Sections 1340 and 1345

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: SACV11-1977

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

IX. **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary).
☒ Check here if the U.S. government, its agencies or employees is a named plaintiff.

   Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

   Orange County

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

   Orange County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 12/21/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |