ANDRÉ BIROTTE
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
    300 N. Los Angeles Street
    Federal Building, Room 7211
    Los Angeles, CA  90012
        Telephone:  (213) 894-6551
        Fax:           (213) 894-0115
        E-mail:        andrew.t.pribe@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            Plaintiff,<br><br>      vs.<br><br>TIMOTHY J. DEAN and MICHELLE X. DEAN,<br><br>            Defendant | Case No.:  SA CV 11-1977 JVS(JPRx)<br><br>Consolidated with SACV 12-472 JVS(JPRx)<br><br>PROTECTIVE ORDER |

On the parties' stipulated request for a protective order, and good cause being shown, it is hereby ordered pursuant to Federal Rule of Civil Procedure 26(c):

1.     Review of a party's confidential documents and information by the party's counsel, counsel's staff, experts, or consultants in the litigation shall not waive confidentiality of the documents or objections to their production.

2.     Designation of confidential information may be made by placing or affixing on the document in a manner which shall not interfere with its legibility the word "CONFIDENTIAL." Electronic storage devices such as disks may be designated as confidential by marking the outside of the device "CONFIDENTIAL." Unless otherwise stated in this order, a designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information.

3.     A party may designate as confidential only material that falls within the protections of Rule 26(c) of the Federal Rules of Civil Procedure.

4.     Except as otherwise provided in this order, information or documents designated as confidential by a party under this order must not be used or disclosed by another party or counsel for another party or any persons identified in paragraph 5 of this order for any purposes other than preparing for and conducting the litigation in this action including the conduct of any appeal and the consideration of a potential settlement.

5.     Except as otherwise provided in this order, the parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this order to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to employees of counsel for the parties who have responsibility or exercise supervisory authority for the preparation and trial or settlement of this case and their staff.  In the case of the Government and for purposes of this order, counsel for the party shall be understood to mean the Department of Justice.

b. Disclosure may be made to employees of a party who have responsibility, provide assistance to counsel, or exercise supervisory authority for the preparation and trial or settlement of this case and their staff.  In the case of the Government and for purposes of this order, the party shall be understood to mean the Internal Revenue Service.

c. Disclosure may be made to court reporters engaged for depositions. Before any such disclosure, the person must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence.  *See* exhibit A.

d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this case.  Before any such disclosure, the person must be informed of and agree in writing to be subject to the provisions of this order

requiring that the documents and information be held in confidence. *See* exhibit A.

   e. Disclosure may be made to actual or potential fact witnesses when a good faith determination is made by counsel that the documents would be relevant to the witness's testimony or potential testimony. Except as provided in paragraph 5(e)(i), before any such disclosure, the person must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence. *See* exhibit A.

      i. Disclosure may be made to a person or entity who is the author or recipient of a document, a party to an agreement, a person who has possession of the document or information through means other than disclosure through this litigation, or a person who already has personal knowledge of the information contained in the document (*e.g.,* an employee's knowledge of his own personal information), or the representatives of any of these listed individuals or entities, without obtaining that person's agreement to be subject to the terms of this order. Such a person shall not be bound by the provisions of this order as to any such disclosure.

    ii. Paragraph 5(e) does not authorize the delivery of any confidential documents to the custody of an actual or potential fact witness.  All confidential documents shown to actual or potential fact witnesses shall remain in the custody of counsel.

 f. Disclosure may be made to witnesses during a deposition in the case. Except as provided in paragraph 5(f)(i), before any such disclosure, the person must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence.  *See* exhibit A.

    i. Disclosure may be made to a person or entity who is the author or recipient of a document, a party to an agreement, a person who has possession of the document or information through means other than disclosure through this litigation, or a person who already has personal knowledge of the information contained in the document (*e.g.,* an employee's knowledge of his own personal information), or the representatives of any of these listed individuals or entities, without obtaining that person's agreement to be subject to the terms of this order. Such a person shall not be bound by the provisions of this order as to any such disclosure.

      ii. If the witness believes that the information designated is not confidential, then the witness may object to the designation under the procedures set forth in paragraph 13.

6. Except as provided otherwise in this order, persons who maintain control of documents designated as confidential under this order must keep all such confidential documents secure within their exclusive possession and must place such documents in a secure area. Except as otherwise provided in this order, individuals who maintain control of documents designated as confidential must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence. *See* exhibit A.

      a. If upon the conclusion of this case, a party has a right to maintain documents designated as confidential by the other party, the retaining party may transfer confidential documents to archival storage in a sealed envelope clearly designating on the outside that the documents are confidential and subject to this protective order and may not be opened without compliance with this protective order. Provided such measures are taken, a party may transfer to archival storage the confidential documents without requiring the execution of exhibit A by the archival custodians.

7. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information or documents that have been designated as "confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

8. At the time of deposition or within 7 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph 3. This designation shall be in writing and served on all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 7-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

9. Nothing in this order shall limit the ability of the parties to agree that other information or documents are confidential, or the right of any party to seek any other protection it deems necessary for any documents or information.

10. Nothing in this order shall prevent disclosure of any confidential information if the party who designated it as confidential consents in writing to the disclosure.

11. Nothing in this order shall prevent counsel for the United States from disclosing to the appropriate federal, state, local, foreign, or tribal law-enforcement authority or other appropriate agency or civil authority any non-privileged, non-work-product confidential information or documents which counsel believes, either on their face or in conjunction with other information, indicate a violation or potential violation of law whether criminal, civil, or regulatory in nature. In the case of such disclosure, this order does not restrict the use of the disclosed information by the law-enforcement authorities, agency, or civil authority.

12. Nothing in this order shall prevent the parties from disclosing confidential information or documents if necessary to comply with a subpoena or court order, whether or not originating with this Court. But before disclosing such information or documents pursuant to this paragraph, the party must give prompt, written notice to the other party of the impending disclosure.

13. Any party may serve a written objection to any designation of confidentiality made by the designating party. This notice shall specifically identify the material or information for which the objecting party wishes to have the designation removed. Within 14 days of receipt of such objection, the

designating party (i) shall review the material to which the objection applies, (ii) notify the objecting party in writing whether the designating party will agree to remove the designation as requested, and (iii) if it will not agree to remove the designation, the designating party shall state in writing with specificity its reasons for not agreeing.  If an agreement cannot be reached, the designating party may file a motion is strict compliance with Local Rules 37-1 and 37-2 satisfying *inter alia* the joint stipulation requirement, within 14 days of the expiration of the 14-day review period specified above.  The material at issue will be treated as confidential until the Court decides the motion.  If the parties disagree about whether the information is confidential and the designating party does not apply to this Court under this provision, then the information shall be deemed to be not confidential.

    14.    This order is limited to procedures for discovery and pretrial motions. One or both parties may seek an additional protective order from the Court regarding the protection of confidential information in hearings and at trial.

    15.    Within 60 days of the conclusion of this action, all material designated by a party as confidential (and any copies thereof) that are in the possession, custody, or control of the opposing party must be returned to the party who designated the materials as confidential, destroyed, or deleted.

    a. This provision does not apply to the following:

    iii. Any documents which were used as exhibits in these proceedings;

    iv. Any documents which were disclosed under paragraphs 11 and 12 of this order;

    v. Copies of documents designated as confidential by Defendants in its production to the Government but which are already in the possession of the IRS and constitute a part of its preexisting administrative files;

    vi. Notes regarding the documents that were generated by counsel of their agents;

    vii. Transcripts, exhibits, and other documents that are required to be maintained by the Department of Justice's written record retention policy as necessary for an understanding of the case, provided that all material that is confidential under this order and retained under this provision is maintained in accordance with this order.

**IT IS SO ORDERED.**

Dated: October 17, 2012

_____
Jean P. Rosenbluth
United States Magistrate Judge

**Exhibit A**

**Acknowledgement of protective order**

*United States of America v. Timothy J. Dean and Michelle X. Dean*
**Case no.: SA CV 11-1977-JVS(JPRx) (C.D Cal.)**

The undersigned hereby acknowledges that he or she has received a copy of the protective order regarding discovery issued in *United States of America v. Timothy J. Dean and Michelle X. Dean,* case no. SA CV 11-1977-JVS(JPRx) (C.D. Cal.), agrees to the terms of the protective order, and submits to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcement of the terms of the protective order.

I specifically acknowledge that any documents that I receive that are subject to this order shall remain secure within my exclusive possession and must be placed in a secure area, except as otherwise provided by the protective order.

Dated:                                                          _____
                                                                Name: